IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNEL EDWARD MILES, JR., <br><br> Petitioner, <br><br> v. <br><br> W.J. SULLIVAN, <br><br> Respondent. | No. 2:19-CV-0377-KJM-DMC-P <br><br><br> <u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (ECF No. 10). Respondent contends the petition is untimely.

**I. FACTUAL BACKGROUND**

Petitioner Gennel Edward Miles, Jr., was convicted in Sacramento County Superior Court of first-degree murder, robbery in concert, kidnaping, carjacking, and arson. <u>See</u> ECF No. 1, pg. 1; ECF No. 17, pg. 2. On April 19, 2013, he was sentenced to an indeterminate state prison term of life without the possibility of parole on the murder conviction and a determinate state prison term of twenty-seven years and eight months on the remaining convictions. <u>Id.</u> On September 7, 2016, the California Court of Appeal struck the arson conviction and associated prison term and affirmed the judgment as modified. <u>See</u> ECF No. 1, pg.

2; ECF No. 17, pg. 2. The California Supreme Court denied review on December 14, 2016. See ECF No. 1, pg. 2; ECF No. 17, pg. 2.

Petitioner then filed three pro se state post-conviction collateral challenges, all petitions for writs of habeas corpus. Id.

| | | |
|---|---|---|
| First Action | Sacramento Country Superior Court. | |
| | Filed December 12, 2017. | |
| | Denied January 9, 2018. | |
| Second Action | California Court of Appeal. | |
| | Filed April 2, 2018. | |
| | Denied April 13, 2018. | |
| Third Action | California Supreme Court. | |
| | Filed June 10, 2018. | |
| | Denied December 12, 2018. | |

Petitioner's federal petition was filed on February 14, 2019.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for

review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

///

///

///

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See <u>Nino</u>, 183 F.3d at 1006-07; see also <u>Dils v. Small,</u> 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See <u>Biggs v. Duncan,</u> 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See <u>Nino,</u> 1983 F.3d at 1006-07.

### A. **The Limitations Period Begins**

Here, petitioner did not seek certiorari in the United States Supreme Court following denial of his petition for review by the California Supreme Court on December 14, 2016. Thus, the one-year limitations period began to run on March 14, 2017 – the day following expiration of the 90-day period following denial of review by the California Supreme Court within which to file a certiorari petition. See <u>Patterson,</u> 251 F.3d at 1246. Absent tolling, petitioner's federal habeas petition was due by March 13, 2018.

### B. **Tolling**

As respondent correctly notes, petitioner is not entitled to any tolling for the time between the date direct review became final on March 13, 2017, and the date petitioner's first state post-conviction habeas action was filed on December 12, 2017, because no state court action was pending during this time period. See 28 U.S.C. § 2244(d)(2). Respondent assumes petitioner is entitled to statutory tolling for the 29-day time period his first state post-conviction action was pending – December 12, 2017 (filed), through January 9, 2018 (denied). Thus, by the time petitioner's first state court post-conviction action was denied, 273 days of the 1-year limitations period had passed.

Citing <u>Carey</u>, 536 U.S. at 201, respondent contends that the limitations period was not tolled during the time between denial of petitioner's first state court post-conviction action and the filing of his second state court post-conviction action because petitioner unreasonably delayed 83 days before filing his second post-conviction action. Citing <u>Pace</u>, 544 U.S. at 414, respondent also argues that, because the second post-conviction action was not properly filed

4

and, as such, not "pending" before the state court, petitioner is not entitled to tolling for the time between the filing of the second post-conviction action and the denial of that action. Finally, respondent contends that petitioner is not entitled to any statutory tolling for the time between the denial of the second post-conviction action and the denial of the third state court post-conviction action because the third was also not properly filed in light of the delay in filing the second post-conviction action.

Petitioner argues in response that he did not unreasonably delay before filing his second state court post-conviction action and that, in any event, he is entitled to equitable tolling.

1. <u>Delay in Filing Second State Court Post-Conviction Action</u>

The court finds petitioner's second state court post-conviction action was untimely due to an unreasonable 83-day delay, that petitioner is not entitled to tolling of the one-year limitations period between denial of the first state court action and filing of the second state court action. Nor is petitioner entitled to tolling for 11 days between the filing of the second state court action and denial of that action, since the second action was not properly filed.

Petitioner's asserts that his 83-day delay in filing his second action was, in-fact, reasonable. Petitioner argues that in <u>Saffold v. Carey</u>, 312 F.3d 1031, 1035–36 (9th Cir. 2002), the 9th Circuit found that four-and-a-half months was not an unreasonable delay to apply for habeas review at a higher state-court level. <u>See</u> ECF No. 17, pg. 5. However, petitioner's reliance on this case is flawed for multiple reasons. First, upon reviewing that court's decision, it is clear that the court did not expressly state that four-and-a-half months was a reasonable filing time, but simply that a prior five-year delay in filing the petition was irrelevant to whether the petition was "properly filed" under AEDPA because "California's timeliness rule is not a 'condition to filing.'" <u>Saffold</u>, 312 F. 3d at 1035-36. Second, the court in <u>Saffold</u> made a point to note that their decision to toll the four-and-a-half-month delay was not meant to provide any bright-line rule for determining what constitutes "unreasonable delay" and that making such a determination was irrelevant to their ruling. <u>Id.</u> at footnote 1. Third, that case has since been overruled by more recent decisions finding that it is clear that "time limits, no matter their form, are 'filing' conditions" for purposes of AEDPA. See e.g. <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir.

5

2005), amended, 439 F.3d 993 (9th Cir. 2006) (italics removed).

Taking more recent cases into account, the 9th circuit has clearly made it common practice to hold firm to a thirty- to sixty-day period for filing subsequent state actions, absent a showing of some proper excuse. See Livermore v. Watson, 556 F. Supp. 2d 1112, 1118-20 (E.D. Cal. 2008) (holding that the four-and-a-half-month delay in Saffold was not deemed to be reasonable, and that an interval of **seventy-eight days** between filings was not entitled to statutory tolling since it was not timely) (bold added.); Bennett v. Felker, 635 F. Supp. 2d 1122, 1124-27 (C.D. Cal. 2009) (holding that **ninety-three days** of unexplained delay in filing petition was "…substantially longer than the thirty or sixty days contemplated by the Supreme Court in Evans, and is unjustified when Petitioner's third petition was nearly identical to the one he filed in the lower court." (italic removed) (bold added.)); Hunt v. Felker, 2008 WL 364995, at *4 (E.D. Cal. Feb. 8, 2008) (**seventy-day** interval deemed unreasonable and denied statutory tolling (bold added.)).

Here, petitioner does not provide any explanation for his delay besides his argument for equitable tolling, which, as discussed below, this court finds unconvincing. Since petitioner unreasonably delayed in filing his second state court post-conviction petition, the court finds petitioner is not entitled to tolling for the interval between denial of the first state court action and the late filing of the second state court action. Nor is petitioner entitled to any tolling for the time between the filing of the second state court action and denial of that action because it was not properly filed under state law. Thus, through the filing of petitioner's first state court post-conviction action, 273 days of the one-year limitations period had expired and, through the denial of the untimely second state court action, an additional 94 days had expired.

2. <u>Equitable Tolling</u>

Petitioner's argument for equitable tolling is unpersuasive. To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005). "This is a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). The "petitioner must [] show that the

6

extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition in time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

Here, petitioner alleges that he was deprived of Priority Legal User (PLU) status for the majority of the period between the denial of his first state action and filing of his second. See ECF No. 14, pg. 2. Specifically, PLU status was denied on February 14, 2018, February 23, 2018, and March 8, 2018. Id. However, as indicated in respondent's reply, petitioner has not adequately demonstrated the denial of PLU status was the sort of extraordinary circumstance that justifies equitable tolling. Petitioner mentions that, as a result of his PLU denial, he was "forced to complete his habeas petition at the next available yard hour…" ECF No. 14, pg. 3. However, there is no explanation as to how this denial burdened petitioner's subsequent petition. In fact, it appears that petitioner did in fact have access to the library as a General Legal User (GLU) and that the basis of his equitable tolling argument is that he did not receive as much law library time as he would have liked. See ECF No. 14, pg. 3; ECF No. 18, pgs. 3-4.

As noted in respondent's opposition, there does not appear to be any new legal argument that petitioner articulated in his second action that would have required extra time to research. See ECF No. 18, pg. 3. It is unclear from petitioner's response what the additional library time was needed for, and it remains unexplained what causal connection exists between these events and his failure to timely file his habeas corpus petition. As demonstrated in prior 9th circuit cases, ordinary prison limitations on access to the law library, without more, are neither "extraordinary" nor make it "impossible" to file a petition in a timely manner. Ramirez, 571 F.3d at 998. Therefore, petitioner is not entitled to equitable tolling.

C. **The Limitations Period Ends**

As indicated above, by the time the state court denied petitioner's untimely second post-conviction action, a total of 367 days had elapsed (273 through filing of the first state court action plus 94 days through denial of the second state court action). Thus, it is irrelevant whether petitioner was entitled to statutory tolling for the interval between denial of

7

the second state court action and the filing of the third, as well as the time the third state court action was pending, because the one-year limitations period had already expired by the time the second state court action was denied.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 363(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE