IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNEL EDWARD MILES, JR.,<br><br>Petitioner,<br><br>v.<br><br>W.J. SULLIVAN,<br><br>Respondent. | No. 2:19-CV-0377-KJM-DMC-P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On November 5, 2019, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Petitioner's objections appear to focus on an equitable tolling argument regarding his reason for filing his second state habeas corpus petition past its deadline. He argues he failed

to properly file his second state petition because he was denied Priority Legal User (PLU) status erroneously. He alleges he had a completed habeas petition ready to go before the state deadline but needed to make photocopies to file it. Delay in accessing the law library caused him to fail to meet the deadline.

Petitioner's evidence undercuts this argument. He attaches an application for PLU status dated March 23, 2018, 8 days past his filing deadline of March 14, 2018, which states he has a completed application but no ability to photocopy. It appears he failed to attempt to photocopy his petition before the deadline.

In any event, tolling that period of time does not save his petition from the limitations period. Even if he benefits from the alleged equitable tolling, his third petition suffers from the same delays, and he is well past the one-year limitations period of AEDPA. The findings and recommendations do not address the third petition, resting on the untimeliness of the second petition, but the same issues apply.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons set forth in the Magistrate Judge's findings and recommendations, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 5, 2019, are adopted in full;
2. Respondent's motion to dismiss (ECF No. 10) is granted;
3. Petitioner's petition for a writ of habeas corpus is dismissed as time-barred;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 5, 2020.

CHIEF UNITED STATES DISTRICT JUDGE