IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNEL EDWARD MILES, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W.J. SULLIVAN,<br><br>　　　　　Respondent. | No.  2:19-CV-0377-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's motion, ECF No. 52, for an order staying the case and holding federal habeas proceedings in abeyance pending exhaustion of claims in state court.  Respondent has filed a statement of non-opposition to Petitioner's request, ECF No. 53.

　　　　　The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted.  See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and

unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). <u>See</u> <u>Jackson</u>, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Robbins</u>, 481 F.3d 1143, applies. <u>See</u> <u>Jackson,</u> 425 F.3d at 661; <u>see also</u> <u>King v. Ryan</u>, 564 F.3d 1133 (discussing types of stay-and-abeyance procedures).

        In this case, the current federal petition is mixed in that it contains both exhausted and unexhausted claims. Therefore, the <u>Rhines</u> analysis is appropriate here. Under <u>Rhines,</u> as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. <u>See</u> <u>Rhines v. Weber,</u> 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. <u>See</u> <u>id.</u> at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. <u>See</u> <u>id.</u> at 277. If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relate back to the original petition. <u>See</u> <u>Calderon v. United States Dist. Ct. (Taylor),</u> 134 F.3d 981, 986-88 (9th Cir. 1998).

        This case currently proceeds on Petitioner's first amended petition. <u>See</u> ECF No. 47. In that petition, Petitioner raises four claims as follows: (1) trial counsel provided ineffective assistance with respect to a motion to exclude evidence; (2) the prosecution withheld exculpatory evidence: (3) admission of Ashcraft's report violated Petitioner's due process rights; and (4) the cumulative effect of the foregoing errors necessitates habeas relief. <u>See</u> <u>id.</u> at 3-4. In the pending motion for a stay of proceedings, Petitioner concedes that the fourth claim is not exhausted. <u>See</u> ECF No. 52, pg. 4. Respondent does not oppose the motion. <u>See</u> ECF

NO. 53.

Based on Respondent's non-opposition, the Court recommends Petitioner's motion be granted.

Based on the foregoing, the undersigned recommends that Petitioner's unopposed motion for an order staying this case, ECF No. 52, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 12, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE