IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNEL EDWARD MILES, JR., | No. 2:19-cv-00377-KJM-DMC-P |
| Petitioner, | |
| v. | ORDER |
| BRYAN D. PHILLIPS, | |
| Respondent. | |

Petitioner, a prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On April 15, 2024, the Magistrate Judge filed findings and recommendations, which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. F. & R., ECF No. 60. Petitioner has filed timely objections to the findings and recommendations. Objs., ECF No. 63.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court declines to adopt the findings and recommendations at this time. In petitioner's amended petition, petitioner contends the state court's decision is not entitled to AEDPA deference. *See* Am. Pet. ¶¶ 11, 121–23, 130, 143–44. Petitioner also requests an evidentiary hearing. *Id.* at 54 (Prayer for Relief).

In the findings and recommendations, while setting out the AEDPA standards, the magistrate judge did not consider whether the state court's decision is entitled to AEDPA deference in the first instance. For example, the magistrate judge did not consider whether the state court's decision not to hold an evidentiary hearing on the ineffective assistance of counsel claim rendered "its fact-finding process unreasonable under § 2254(d)(2)." *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012); *see* Am. Pet. ¶¶ 122–23 (arguing no AEDPA deference warranted because state court "unreasonably failed to issue an order to show cause or hold the requested evidentiary hearing"). The magistrate judge also did not consider whether an evidentiary hearing at the federal level is warranted in this case. *See Hibbler*, 693 F.3d at 1147–48 (considering "framework for determining when a district court errs in failing to conduct an evidentiary hearing").

Accordingly, the court declines to adopt the findings and recommendations (ECF No. 60) at this time and refers the matter back to the magistrate judge to 1) consider petitioner's arguments that the state court's decision is not entitled to AEDPA deference in the first instance and 2) consider whether an evidentiary hearing is warranted in this case.

DATED: August 16, 2024.

CHIEF UNITED STATES DISTRICT JUDGE